UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| AUDRAE R. JONES, et al., | ) | No. CV 09-03162-MMM (VBK) |
| | ) | |
| Plaintiffs, | ) | REPORT AND RECOMMENDATION OF |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | |
| CITY OF LOS ANGELES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This Report and Recommendation is submitted to the Honorable Margaret M. Morrow, United States District Judge, pursuant to 28 U.S.C. §636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

On May 12, 2009, Audrae R. Jones and James H. Jones, Sr. (hereinafter referred to as "Plaintiffs") filed a Civil Rights Complaint Pursuant to an Order re Leave to File Action Without Prepayment of Full Filing Fee. Plaintiffs' Civil Rights Complaint is brought pursuant to 42 U.S.C. §§1981, 1983 and 1985. Plaintiff has named the following Defendants: Antonio Villaraigosa, Mayor; William

1  J. Bratton, Chief of Los Angeles Police Department; Lieutenant John

2  Romero; Sergeant Jon Goode; Gary Raives, Photographer; Sergeant Chris

3  Ramirez; Sergeant Driver and Does 1-100, in both their official and

4  individual capacities. (Complaint at pp. 4-6.)

5      On June 2, 2009, the Court issued an Order re Dismissal of

6  Complaint With Leave to Amend.  Plaintiff was warned that failure to

7  comply with the Court's Orders could result in a recommendation of

8  dismissal. (A copy of the Order re Dismissal with Leave to Amend is

9  attached hereto and incorporated herein.)  Plaintiff's First Amended

10 Complaint was due on July 2, 2009.

11     Plaintiff failed to file a First Amended Complaint.  On July 23,

12 2009, the Court issued a Minute Order ordering Plaintiff to file a

13 First Amended Complaint within 21 days of the Minute Order.

14     As of the date of this Report and Recommendation, Plaintiff has

15 failed to file a First Amended Complaint curing the deficiencies

16 outlined in the Order re Dismissal nor has Plaintiff requested an

17 extension of time in which to do so.

18

19                          **STATEMENT OF FACTS**

20     Plaintiffs allege on April 7, 2007, at approximately 4:00 a.m.,

21 Defendants Romero, Goode, Raives, Ramirez and Driver tore down the

22 front door of Plaintiffs' house and entered with guns and mace drawn

23 out. (Complaint at 7.)  Plaintiffs allege that Defendants illegally

24 and unlawfully raided Plaintiff James Jones Sr.'s house and took his

25 possessions, such as a safe, gun, savings bonds, papers, and items

26 without a warrant.  Plaintiff Audrae Jones alleges that Defendants had

27 guns drawn at her head while she was in her nightgown.  Plaintiff

28 Audrae Jones called 911 to complain about "intruders at her door", who

1  stated that they were the police; however, the operator told her that

2  there were no officers at that address.   Id.

3       Plaintiff Jones Sr. alleges that Defendants confiscated his safe,

4  threatened and intimidated him into opening the safe and giving

5  defendants the keys to the safe. Defendants took Plaintiff Jones Sr.'s

6  possessions and have not returned them in two years.  Plaintiffs filed

7  Los Angeles Police Department complaints against Defendants; however,

8  Defendants did not respond to their citizens' complaint. (Complaint at

9  7.)

10      From April 7, 2007 to April 15, 2009, Plaintiffs submitted

11  numerous citizens' complaints and wrote letters to Defendants Bratton

12  and Villaraigosa about returning their property and/or officers'

13  conduct to no avail. (Complaint at 8.)

14      On April 15, 2009, at approximately 1:30 p.m., Plaintiff Jones

15  Sr. hand-delivered a complaint to the 77th Street Division Police

16  Department and spoke to Sergeant Chavas, who investigated the matter

17  and discovered that the Defendants had his property for over two

18  years. Id.

19      From April 7, 2007 to April 15, 2009, Plaintiffs allege that

20  Defendants have repeatedly delayed, denied and/or withheld Plaintiffs'

21  property and failed and refused to return it.   Additionally,

22  Defendants have failed to pay for replacing the door or informed

23  Plaintiffs of the necessary paperwork to pick up their property.

24      Plaintiffs allege that they have filed numerous letters and

25  complaints relating to Defendants' conduct.   Plaintiffs refer to

26  Exhibits A-D, wherein Plaintiffs allegedly complained of Defendants'

27  abuse and illegal search and seizure. (Complaint at 8.)

28      Plaintiffs allege that Defendants acted and conspired together to

conceal and cover up the true facts surrounding their deliberate indifference and racist conduct. Plaintiffs claim to have suffered actual injury to their health, mental and emotional anguish and retaliation and discrimination in challenging Defendants' illegal search and seizure. (Complaint at 9.)

Plaintiffs allege that Defendants Bratton and Villaraigosa either explicitly and/or implicitly authorized and ratified the outrageous conduct and wrongful acts perpetrated by some of the Defendants. (Complaint at 9.)

## DISCUSSION

It is well established that a District Court has authority to dismiss an action because of failure to prosecute or to comply with Court Orders. See, Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), (authority to dismiss for lack of prosecution necessary to prevent undue delay in disposing of pending cases and avoid congestion in Courts' calendars); Ferdik v. Bonzelet, 936 F.2d 1258, 1260 (9th Cir. 1992), (authority to dismiss action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or to comply with court orders, a court should consider five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. In Re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994)(failure to prosecute); Ferdik, 936 F.2d at 1260-61 (9th Cir. 1992)(failure to comply with

4

1  court orders).

2      In the instant action, the first two factors -- public interest

3  in expeditious resolution of litigation and the need to manage the

4  Court's docket -- weigh in favor of dismissal.  Plaintiff has failed

5  to comply with the Court's Order regarding amendment of his dismissed

6  First Amended Complaint, despite being warned of the consequences and

7  granted sufficient time in which to do so.  Plaintiff's conduct

8  hinders the Court's ability to move this case towards disposition, and

9  indicates that Plaintiff does not intend to litigate this action

10  diligently.

11      The third factor -- prejudice to defendants -- also weighs in

12  favor of dismissal.  A rebuttable presumption of prejudice to

13  defendants arises when a plaintiff unreasonably delays prosecution of

14  an action.  Eisen, 31 F.3d at 1452-53.  Nothing suggests that such a

15  presumption is unwarranted in this case.

16      The fourth factor -- public policy in favor of deciding cases on

17  their merits -- ordinarily weighs against dismissal.  However, it is

18  a plaintiff1s responsibility to move towards disposition at a

19  reasonable pace, and avoid dilatory and evasive tactics.  Morris v.

20  Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not

21  discharged this responsibility, despite having been granted sufficient

22  time in which to do so.  In these circumstances, the public policy

23  favoring resolution of disputes on the merits does not outweigh

24  Plaintiff's failure to obey court orders or to file responsive

25  documents within the time granted.  Furthermore, in this case, the

26  Court liberally construed Plaintiff's initial Complaint and First

27  Amended Complaint, and found that, even so, it was subject to

28  dismissal on the merits, and that the likelihood of successful

amendment was slight.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissal.  The Court has attempted to avoid outright dismissal by clearly delineating in the Order noted above the requirements for successfully amending Plaintiff's First Amended Complaint and the consequences of failure to do so.  The Court cannot move the case towards disposition without Plaintiff's compliance with court orders or participation in its litigation.  Plaintiff has shown that he is either unwilling or unable to comply with court orders by filing responsive documents.

Under these circumstances, dismissal for failure to prosecute is appropriate.  Such a dismissal should not be entered unless the Petitioner has been notified that dismissal is imminent.  <u>See</u>, <u>West Coast Theater Corp. v. City of Portland</u>, 897 F.2d 1519, 1523 (9th Cir. 1990).  However, Plaintiffs were warned about the possibility of dismissal (in the Order), they will be given further notice by service of this Report and Recommendation, and they will have the opportunity to file objections to it.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order:  (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered dismissing this action without prejudice.

DATED: 8/26/2009

VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

6

## **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to timely file Objections as provided in the Local Rules Governing the Duties of the Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.

COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| AUDRAE R. JONES, et al., | ) | No. CV 09-03162-MMM (VBK) |
| | ) | |
| Plaintiffs, | ) | ORDER RE DISMISSAL WITH LEAVE TO |
| | ) | AMEND |
| v. | ) | |
| | ) | |
| CITY OF LOS ANGELES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROCEEDINGS

On May 12, 2009, Audrae R. Jones and James H. Jones, Sr. (hereinafter referred to as "Plaintiffs") filed a Civil Rights Complaint Pursuant to an Order re Leave to File Action Without Prepayment of Full Filing Fee. Plaintiffs' Civil Rights Complaint is brought pursuant to 42 U.S.C. §§1981, 1983 and 1985. Plaintiff has named the following Defendants: Antonio Villaraigosa, Mayor; William J. Bratton, Chief of Los Angeles Police Department; Lieutenant John Romero; Sergeant Jon Goode; Gary Raives, Photographer; Sergeant Chris Ramirez; Sergeant Driver and Does 1-100, in both their official and individual capacities. (Complaint at pp. 4-6.)

//

## STATEMENT OF FACTS

Plaintiffs allege on April 7, 2007, at approximately 4:00 a.m., Defendants Romero, Goode, Raives, Ramirez and Driver tore down the front door of Plaintiffs' house and entered with guns and mace drawn out. (Complaint at 7.)  Plaintiffs allege that Defendants illegally and unlawfully raided Plaintiff James Jones Sr.'s house and took his possessions, such as a safe, gun, savings bonds, papers, and items without a warrant.  Plaintiff Audrae Jones alleges that Defendants had guns drawn at her head while she was in her nightgown.  Plaintiff Audrae Jones called 911 to complain about "intruders at her door", who stated that they were the police; however, the operator told her that there were no officers at that address.  Id.

Plaintiff Jones Sr. alleges that Defendants confiscated his safe, threatened and intimidated him into opening the safe and giving defendants the keys to the safe. Defendants took Plaintiff Jones Sr.'s possessions and have not returned them in two years.  Plaintiffs filed Los Angeles Police Department complaints against Defendants; however, Defendants did not respond to their citizens' complaint. (Complaint at 7.)

From April 7, 2007 to April 15, 2009, Plaintiffs submitted numerous citizens' complaints and wrote letters to Defendants Bratton and Villaraigosa about returning their property and/or officers' conduct to no avail. (Complaint at 8.)

On April 15, 2009, at approximately 1:30 p.m., Plaintiff Jones Sr. hand-delivered a complaint to the 77th Street Division Police Department and spoke to Sergeant Chavas, who investigated the matter and discovered that the Defendants had his property for over two years. Id.

1       From April 7, 2007 to April 15, 2009, Plaintiffs allege that

2   Defendants have repeatedly delayed, denied and/or withheld Plaintiffs'

3   property and failed and refused to return it.   Additionally,

4   Defendants have failed to pay for replacing the door or informed

5   Plaintiffs of the necessary paperwork to pick up their property.

6       Plaintiffs allege that they have filed numerous letters and

7   complaints relating to Defendants' conduct.   Plaintiffs refer to

8   Exhibits A-D, wherein Plaintiffs allegedly complained of Defendants'

9   abuse and illegal search and seizure. (Complaint at 8.)

10      Plaintiffs allege that Defendants acted and conspired together to

11  conceal and cover up the true facts surrounding their deliberate

12  indifference and racist conduct.   Plaintiffs claim to have suffered

13  actual injury to their health, mental and emotional anguish and

14  retaliation and discrimination in challenging Defendants' illegal

15  search and seizure. (Complaint at 9.)

16      Plaintiffs allege that Defendants Bratton and Villaraigosa either

17  explicitly and/or implicitly authorized and ratified the outrageous

18  conduct and wrongful acts perpetrated by some of the Defendants.

19  (Complaint at 9.)

20

21                        **CLAIMS FOR RELIEF**

22      Plaintiffs' in their first claim for relief allege a violation of

23  the Fourth Amendment, right to have personal safety. (Complaint at

24  11.)   Plaintiffs allege that Defendants have denied Plaintiffs their

25  Fourteenth Amendment right to be free from illegal search and seizure

26  and right to free from cruel and unusual punishment. (Complaint at

27  12.)   Plaintiffs allege that Defendants acted with deliberate

28  indifference, subjecting them to unnecessary and wanton infliction of

1    pain, including physical injury and psychological and emotional

2    distress and violation of their rights under the Fourteenth Amendment.

3    Id.

4         Plaintiffs' in their second claim for relief allege a violation

5    of Plaintiffs' Fourteenth Amendment right to the United States

6    Constitution - conspiracy and retaliation and discrimination.   Id.

7    Plaintiffs allege that Defendants acting under color of state law have

8    intentionally and knowingly violated the Fourteenth Amendment by

9    failing and/or refusing to process grievances; failing to investigate

10   officer misconduct; subjecting Plaintiffs to illegal search and

11   seizure; interfering with Plaintiffs' right to redress grievance for

12   their injuries to conceal and cover up for Defendants' misconduct;

13   conspiring to deprive Plaintiffs of their federal constitutional

14   protected rights; denying Plaintiffs due process of law and

15   maintaining and tolerating policies, practices and customs which

16   resulted in illegal action against Plaintiffs. (Complaint at 13.)

17        Plaintiffs in their third claim for relief allege that Defendants

18   "conspired to deprive Plaintiffs of access to courts rights and

19   privileges". Plaintiffs allege they have been subjected to deliberate

20   retaliation, deliberate and purposeful discrimination, threats,

21   intimidation and punishment for writing to the Internal Affairs

22   office.  Defendants have violated Plaintiffs' Fourteenth Amendment

23   rights by denying access to the courts. (Complaint at 13.)

24        Plaintiffs' in their fourth claim for relief allege government

25   interference and denial of right of access to courts and

26   discrimination retaliation. (Complaint at 14.)

27        Plaintiffs' fifth claim for relief is that the Defendants should

28   pay attorney's fees.  Id.

4

## STANDARD OF REVIEW

A complaint may be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).  Neitzke v. Williams, 490 U.S. 319, 327 n. 6, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (unanimous decision) (patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).  A challenge to the Court's subject matter jurisdiction can be raised at any time, including sua sponte by the Court.  Emrich v. Touche Ross and Co., 846 F.2d 1190, 1194 n. 2. (9th Cir. 1988).

In civil rights cases in which the Plaintiff appears pro se, the pleadings must be construed liberally, so as to afford the Plaintiff the benefit of any doubt as to the potential validity of the claims asserted.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).  If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment.  Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1998); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

A pro se pleading must be held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

1  520  (1972).   However,  while  a  <u>pro</u>  <u>se</u>  litigant  is  entitled  to
2  considerable  leeway  when  the  Court  construes  his  pleadings,  those
3  pleadings  still  must  meet  some  minimum  threshold  in  providing  the
4  defendants  with  notice  of  what  it  is  that  they  allegedly  did  wrong.
5  <u>Brazil v. U.S. Dept. of Navy</u>, 66 F.3d 193, 199 (9th Cir. 1995), <u>cert.</u>
6  <u>denied</u>, 517 U.S. 1103 (1996).  A <u>pro</u> <u>se</u> litigant must follow the Rules
7  of  Procedure  like  any  other  litigant.   <u>Ghazali v. Moran</u>, 46 F.3d 52,
8  54 (9th Cir.), <u>cert. denied</u>, 516 U.S. 838 (1995).

9      The  preferred  practice  of  pleading  is  to  state  various  claims  for
10  relief  in  separate  counts.   <u>Haynes v. Anderson & Strudwick, Inc.</u>, 508
11  F.Supp. 1303, 1307 n.1 (E.D. VA. 1981).  Thus, for example, in a civil
12  rights  action,  each  alleged  constitutional  deprivation  should  be  pled
13  as  a  separate  claim.    <u>Pryor v. Cajda</u>, 662 F.Supp. 1114, 1115 (N.D.
14  Illinois 1987).   The  purpose  of  this  requirement  is  to  clarify  the
15  issues  that  will  be  addressed  in  the  ensuing  litigation.   <u>O'Donnell v.</u>
16  <u>Elgin, J & E Ry. Co.</u>, 338 U.S.  384, 392 (1949); <u>Williamson v.</u>
17  <u>Columbia Gas & Electric Corp.</u>, 186 F.2d 464, 469 (3d Cir. 1950), <u>cert.</u>
18  <u>denied</u>, 341 U.S. 921 (1951).  Grouping  different  claims  together
19  results  in  muddled  pleadings,  <u>Pryor</u>, 662 F.Supp. at 1114, and places
20  the  unnecessary  burden  on  the  Court  and  the  defendants  to  decipher
21  which  facts  support  which  claims.   <u>Haynes</u>, 508 F.Supp. at 1307 n.1.

22

23      **A.    <u>Federal Rule of Civil Procedure 8(a)</u>**

24      Any  complaint  filed  in  this  Court  must  contain  (1)  "a  short  and
25  plain  statement  of  the  grounds  upon  which  the  Court's  jurisdiction
26  depends"  and  (2)  "a  short  and  plain  statement  of  the  claim"  showing
27  that  the  Plaintiff  is  entitled  to  relief.    <u>Fed.R.Civ.P. Rule 8(a)</u>.
28  "The  Plaintiff  must  allege  with  at  least  some  degree  of  particularity

1   overt acts which Defendants engaged in that support the Plaintiff's
2   claim." <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649
3   (9th Cir. 1984).

4       Rule 8 is designed to provide Defendants with fair notice of the
5   claims against them and the grounds on which those claims rest.   <u>See</u>
6   <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991); <u>McHenry v. Renne</u>,
7   84 F.3d 1172, 1177 <u>et seq.</u> (9th Cir. 1996) (complaint properly
8   dismissed under Rule 41 for failure to comply with Rule 8 in Court
9   Order).   When a complaint fails to comply with Rule 8, it may be
10  dismissed pursuant to Fed. R. Civ. P. 41(b).   <u>McHenry v. Renne</u>, 84
11  F.3d 1172, 1179 (9th Cir. 1996).

12

13                              **DISCUSSION**

14      For all of the following reasons, the Complaint should be
15  dismissed with leave to amend.

16

17  **A.   <u>Plaintiffs Have Failed To State A Claim Under Section 1983</u>**
18  **<u>Against All Defendants</u>.**

19      In order to state a claim under section 1983, a plaintiff must
20  allege that:  (1) the defendants were acting under color of state law
21  at the time the complained of acts were committed; and (2) the
22  defendants' conduct deprived plaintiff of rights, privileges, or
23  immunities secured by the Constitution or laws of the United States.
24  <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 624 (9th Cir.
25  1988); <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985) (en
26  banc), <u>cert. denied</u>, 478 U.S. 1020 (1986).   Liability under section
27  1983 is predicated upon an affirmative link or connection between the
28  defendants' actions and the claimed deprivations. <u>See Rizzo v. Goode</u>,

423 U.S. 362, 372-73, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

> A person deprives another of a constitutional right, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." [citation]  Indeed, the "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." [citation]

<u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d at 743-44).

Plaintiffs in conclusory language allege that Defendants have violated their rights under 42 U.S.C. §1983.  However, Plaintiff have failed to allege specific facts with respect to each Defendant. Specifically, Plaintiffs have failed to allege any facts supporting a claim against Defendants Villaraigosa and Gary Raives.

> **B.**   <u>**The Allegations Of The Complaint Are Insufficient To State A Constitutional Claim Based on Failure to Return Plaintiffs' Personal Property.**</u>

Neither the negligent nor intentional unauthorized deprivation of property by a government official gives rise to a constitutional claim under Section 1983 when adequate and meaningful post-deprivation

1    remedies for the losses are available.  See Hudson v. Palmer, 468 U.S.

2    517, 533 (1984).  The availability of a state tort action ordinarily

3    precludes relief because it provides an adequate post-deprivation

4    remedy for the deprivation of an inmate's property.  See King v.

5    Massarweh, 782 F.2d 825, 826 (9th Cir. 1986).  Plaintiffs must allege

6    that they used the procedures and remedies set forth in the California

7    Government Code, or that such procedures and remedies are inadequate.

8    (See Cal. Government Code §§810-895, 900-915.)  Plaintiffs have not

9    sufficiently set forth facts indicating they have complied with state

10   procedures for the return of their property.

11       Additionally, the Due Process Clause is not implicated by a state

12   official's negligent act causing unintended loss of or injury to life,

13   liberty or property.  Daniels v. Williams, 474 U.S. 327, 106 S.Ct.

14   662, 88 L.Ed. 662 (1986).  Mere lack of due care by state officials

15   does not "deprive" an individual of life, liberty or property under

16   the Fourteenth Amendment.   Plaintiffs have failed to state a

17   constitutional violation regarding their property.

18

19       C.   **The Allegations Of The Complaint Are Insufficient To State**

20            **A Claim For Relief**.

21       Liability may be imposed on an individual defendant under §1983

22   only if the plaintiff can show that the defendant proximately caused

23   the deprivations of his federally protected rights of which he

24   complains.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris

25   v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  Respondeat

26   superior is not a sufficient basis for imposing liability under §1983.

27   Monell v. New York City Dept. of Social Services, 436 U.S. 658, 663-64

28   n. 7 (1978).  State officials are not subject to suit under §1983

9

1  unless they play an affirmative part in the alleged deprivation.  <u>King</u>
2  <u>v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987).

3       In order to allege facts sufficient to show a jurisdictional
4  basis for imposing liability, <u>see</u> <u>Franklin v. Murphy</u>, 745 F.2d 1221,
5  1234 (9th Cir. 1984), Plaintiffs must allege facts to show that the
6  Defendant proximately caused the deprivation of rights of which
7  Plaintiffs complains, or that Defendant in a supervisory capacity
8  failed to properly train or supervise personnel resulting in the
9  alleged deprivation, [that the alleged deprivation resulted from
10 official policy or custom for which Defendant was responsible], or
11 that Defendant knew of the alleged misconduct and failed to act to
12 prevent future misconduct.

13      Plaintiffs must plead more than a merely negligent act by an
14 official in order to state a colorable claim under §1983.   The
15 allegations of the Complaint are insufficient to state a federal civil
16 rights claim upon which relief can be granted as to Defendants Bratton
17 and Villaraigosa.

18

19      **D.    <u>Defendants Are Immune From Liability In Their Official</u>**
20           **<u>Capacities</u>.**

21      In <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 109 S.
22 Ct. 2304, 105 L. Ed. 2d 45 (1989), the Supreme Court held that states,
23 state agencies, and state officials sued in their official capacities
24 are not persons subject to civil rights suits under 42 U.S.C. §1983.
25 <u>See</u>, 491 U.S. at 664-66.   Further, the Eleventh Amendment bars
26 Plaintiffs' claims for damages from the named defendants in their
27 official capacities.  <u>See</u> <u>Doe v. Lawrence Livermore Nat'l. Lab.</u>, 131
28 F.3d 836, 839 (9th Cir. 1997); <u>Eaglesmith v. Ward</u>, 73 F.3d 857, 859

1  (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (1992).

2      The Eleventh Amendment prohibits federal jurisdiction over suits
3  against the state or a state agency unless the state or agency
4  consents to the suit.  See Seminole Tribe of Florida v. Florida, 517
5  U.S. 44, 53, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996); Pennhurst
6  State School and Hospital v. Halderman, 465 U.S. 89, 100, 104 S. Ct.
7  900, 79 L. Ed. 2d 67 (1984); Quern v. Jordan, 440 U.S. 332, 342, 99 S.
8  Ct. 1139, 59 L. Ed. 2d 358 (1979); see also Lucas v. Department of
9  Corrections, 66 F.3d 245, 248 (9th Cir. 1995)(per curiam)(stating
10  Board of Corrections is entitled to immunity).   Thus, Defendant
11  Ironwood State Prison is immune from suit.

12      State officers acting in their official capacities receive the
13  same immunity as the government agency that employs them. Hafer v.
14  Melo, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991).  Thus, a
15  state prison official sued for damages in his or her official capacity
16  is entitled to Eleventh Amendment immunity.  Accordingly, Defendants
17  are immune from Plaintiffs' official capacity damages claims against
18  them, but are not immune from Plaintiffs' prospective relief claims or
19  Plaintiffs' damages claims against these Defendants in their
20  individual capacities.

21

22      E.   **Plaintiffs' Claim Under 42 U.S.C. §1981 is Dismissed with**
23           **Leave to Amend**.

24      Section 1981 forbids all racial discrimination in the making of
25  both public and private contracts.   St. Francis College v. Al-
26  Khazraji, 481 U.S. 604, 107 S.Ct. 2022 (1987).  Section 1981 protects
27  against both non-governmental discrimination and discrimination under
28  color of state law.   42 U.S.C. §1981(b).   Intent to discriminate is

1   necessary to establish a violation of §1981.   Imagineering, Inc. v.
2   Kiewit Pacific Co., 976 F.2d 1303, 1313 (9th Cir. 1992).   "Thus, while
3   the federal rules require only that Plaintiff aver intent generally,
4   F.R.Civ.P. 9(b), under §1981 they must at least allege facts that
5   would support an inference that defendants intentionally and
6   purposefully discriminated against them."   Id.   Here, Plaintiffs makes
7   only the most general conclusory allegations that Defendants' conduct
8   was motivated by their race.   Such conclusory allegations are
9   insufficient.   Thus, Plaintiffs' §1981 claims against Defendants
10  should be dismissed with leave to amend.

11

12  **F.    Plaintiffs' Claims Under 42 U.S.C. §1985 Should Be Dismissed**
13        **with Leave to Amend.**

14        Section 1985 proscribes against conspiracies to interfere with
15  certain civil rights.   Karim-Panahi v. Los Angeles Police Department,
16  839 F.2d 621, 626 (9th Cir. 1988).   The elements of a claim under this
17  section are: (1) a conspiracy; (2) for the purpose of depriving,
18  either directly or indirectly, any person or class of persons of the
19  equal protection of the law, or of equal privileges and immunities
20  under the law; (3) an act in furtherance of this conspiracy; (4)
21  whereby a person is either injured in his person or property or
22  deprived of any right or privilege of a citizen of the United States.
23  Sever v. Alaska Pulp Corporation, 978 F.2d 1529, 1536 (9th Cir. 1992).
24  The deprivation of rights must be motivated by a racial, or otherwise
25  class-based, discriminatory animus.   Id.   A claim under this section
26  must allege facts to support the allegations that Defendants conspired
27  together.   A mere allegation of conspiracy without factual specificity
28  is insufficient.   Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984).

1    Plaintiffs' Complaint contains legal conclusions but no

2    specification of any facts to support the claim of conspiracy. Thus,

3    Plaintiffs' §1985 claims against Defendants should be dismissed with

4    leave to amend.

5

6    **G.    The Complaint Fails To State A Claim Against Defendant**

7          **Bratton.**

8    Supervisory personnel generally are not liable under 42 U.S.C.

9    §1983 on any theory of respondeat superior or vicarious liability in

10   the absence of a state law imposing such liability. See Redman v.

11   County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991), cert.

12   denied, 502 U.S. 1074 (1992). A supervisory official may be liable

13   under §1983 only if he or she was personally involved in the

14   constitutional deprivation, or if there was a sufficient causal

15   connection between the supervisor's wrongful conduct and the

16   constitutional violation. See Id. at 1446-1447. To premise a

17   supervisor's alleged liability on a policy promulgated by the

18   supervisor, the plaintiff must identify a specific policy and

19   establish a "direct causal link" between that policy and the alleged

20   constitutional deprivation. See, e.g., City of Canton, Ohio v.

21   Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989);

22   Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992). A "failure to

23   train" theory can be the basis for a supervisor's liability under

24   §1983 in only limited circumstances. See City of Canton, 489 U.S. at

25   387-90 (liability only where failure to train amounts to deliberate

26   indifference).

27   Plaintiffs has failed to provide any factual allegations against

28   Defendant Bratton, identify any particular policy or policies

1  promulgated by Defendant Bratton which allegedly had a direct causal
2  link to the alleged civil rights violations about which Plaintiffs is
3  complaining.  Additionally, Plaintiffs has failed to allege sufficient
4  facts to support a "failure to train" theory.  Thus, the allegations
5  of the Complaint are insufficient to state a federal civil rights
6  claim upon which relief can be granted as to Defendant Bratton.

7
8                        **CONCLUSION AND ORDER**

9      In an abundance of caution, Plaintiffs will be afforded an
10 opportunity to amend his Complaint to attempt to overcome the defects
11 discussed above.  Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiffs'
12 Complaint is dismissed with leave to amend; (2) the Court Clerk is
13 directed to send Plaintiffs a civil rights form utilized by the
14 Central District of California; and (3) Plaintiff is granted 30 days
15 from the date of this Order within which to file a "First Amended
16 Complaint."  The First Amended Complaint must be complete within
17 itself and shall not incorporate by reference any portion of the
18 original or Complaint.  Plaintiffs may not add new parties without
19 leave of the Court.  Failure to comply with the requirements set forth
20 in this Order may result in a recommendation that this action be
21 dismissed with prejudice.

22
23 DATED: June 2, 2009                   /s/
                                   VICTOR B. KENTON
24                                 UNITED STATES MAGISTRATE JUDGE

25
26
27
28

                               14